89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard GLENN, Defendant-Appellant.
 No. 95-1603.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Glenn appeals the district court's denial of his motion for dismissal of the charges against him on the basis of prosecutorial misconduct, and his motion for a new trial based on newly discovered evidence. After reviewing Glenn's claims, we find no error and AFFIRM.
 
 
 2
 On January 12, 1994, Drug Enforcement Administration agents executed an arrest warrant for Glenn's wife, Tamara Sparks at their home in Detroit, Michigan. The agents conducted a protective sweep of the home during Sparks' arrest and found Glenn asleep in an upstairs bedroom. Glenn does not challenge the validity of the protective sweep on appeal. Upon questioning by the agents, Glenn informed the agents that two handguns and a rifle were located in the room. He also stated that he was a convicted felon and was out on bond on a pending felony charge.
 
 
 3
 While questioning Glenn, the agents observed drug trafficking paraphernalia in plain view. On the basis of this knowledge, the agents sought and obtained a search warrant for the premises, finding further evidence of drug trafficking. Glenn was indicted on January 20 on three counts: 1) possession of cocaine base with intent to distribute; 2) possession of a firearm during a drug trafficking offense; and 3) possession of a firearm by a convicted felon. The felon in possession charge was based on a plea-based heroin conviction in Michigan state court, for which Glenn had been released on bond pending sentencing at the time of his January 12 arrest.
 
 
 4
 On April 15, Glenn's fourth attorney, William Mitchell, filed a motion to suppress the evidence obtained from the entry of his home and the federal agents' subsequent search pursuant to a warrant. At the June 3 hearing on the motion to suppress, Glenn, through his counsel Mitchell, stipulated to the facts contained in the agents' reports of the incident. After the hearing, Mitchell informed the government that he had withdrawn his guilty plea on the heroin charge in Michigan state court, and the attorney for the United States informed counsel that a superseding indictment would have to be filed to account for that fact. On July 21, the district court denied Glenn's motion to suppress. On July 22, Glenn moved the district court for leave to obtain new counsel. The court granted his motion, and on August 9, 1994, Glenn's fifth counsel of record, David Steingold entered an appearance on Glenn's behalf.
 
 
 5
 On September 9, the United States filed a superseding indictment, which included the counts contained in the original indictment (with a correction for the felon in possession charge). The superseding indictment also contained additional charges against Glenn stemming from a previous arrest on March 17, 1993. Glenn's 1993, arrest had given rise to the state plea-based heroin conviction for which Glenn had allegedly withdrawn his guilty plea.
 
 
 6
 On October 24, the day trial was set to begin, the United States sought and the district court granted a dismissal of Count 4 of the superseding indictment. Count 4 charged Glenn with possession with intent to distribute heroin. Evidently, subsequent to the filing of the superseding indictment in federal court, the state court determined that Glenn's guilty plea had been improperly withdrawn and ordered the plea reinstated. Because the heroin charge had been the basis for Count 4, this count was dismissed from the indictment. Also on October 24, Glenn moved to suppress the statements he made to the police at his house during the January 12 arrest of Tamara Sparks and subsequent search of the house. The district court denied this motion and the case proceeded to trial.
 
 
 7
 During trial, several plastic baggies used by Sparks for drug packaging and unconnected to Glenn were placed on the prosecution's table during the presentation of its case in chief.[1] While Glenn's counsel Steingold was cross-examining one of the government's witnesses, he took one of the baggies from the prosecution's table in order to question the witness about it. The government's counsel and the agent in charge of the evidence informed Steingold that the baggies had not been introduced into evidence. Steingold requested a sidebar conference and argued for a mistrial, claiming that the jury had been unfairly prejudiced by the prosecution's actions. The prosecution explained that the clear plastic baggies were brought to court to rebut Glenn's anticipated claim that he did not use the small paper coin envelopes to package and sell drugs. The district court found that the placement of the clear plastic baggies on top of the prosecutor's table had been inadvertent, and that the jury had not been prejudiced by the action. The court further offered to poll the jury on the issue, but defense counsel refused this offer.
 
 
 8
 On November 4, the jury returned a verdict convicting Glenn of the felon in possession of firearms charge, but did not reach a verdict as to the other charged offenses. On January 10, 1995, Glenn filed a post-trial motion for dismissal of his charges, alleging that the government had violated his right to a speedy trial. The district court found that the defendant had waived this claim by stipulating to a continuance of his trial when the government filed the superseding indictment against him. On February 7, 1995, Glenn filed a motion for a new trial based on allegedly newly discovered evidence, claiming that new evidence established that his former counsel had not stipulated during the April 15, 1994 motion to suppress hearing to the fact that Glenn had received a proper Miranda warning during his encounter with the federal agents on January 12. Alternatively, Glenn claimed that he received ineffective assistance of counsel if in fact his counsel had stipulated to this fact. The district court denied this motion, finding that all the facts which supported the motion were within Glenn's knowledge at the time of trial and did not constitute newly discovered evidence. Glenn timely filed this appeal.
 
 
 9
 After careful review of the briefs submitted by the parties, and after hearing oral argument on the matter, we find nothing in the record which warrants reversal. We agree that Glenn waived his right to assert a violation of his right to a speedy trial by agreeing to a continuance after the government filed a superseding indictment against him. See United States v. Monroe, 833 F.2d 95, 99 (6th Cir.1987) (noting that appellant had waived claim that certain days were improperly excluded from his speedy trial calculation where appellant had consented to the exclusion of time at arraignment).
 
 
 10
 In addition, Glenn's claim of newly discovered evidence is without merit. We agree with the district court that all the facts which support his claim were within Glenn's knowledge at the time of trial. Further, Glenn's claim of ineffective assistance of counsel is not "newly discovered evidence" where the facts supporting his claim were known to him at the time of trial. See United States v. Seago, 930 F.2d 482, 489 (6th Cir.1991).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 During a search of Glenn's home, the government had obtained the clear plastic baggies as well as several paper coin envelopes that are also commonly used to package drugs in small quantities for sale on the street. It was the government's theory of the case that Sparks used the clear plastic baggies for packaging drugs and Glenn used the small paper coin envelopes for the same purpose